**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**JEFFREY A. DAMON,**                        :

           **Plaintiff**             :       **CIVIL ACTION NO. 3:19-1129**

      **v.**                          :              **(JUDGE MANNION)**

**TRADESMAN INTERNATIONAL,**   :

                                      :

      **Defendant**                   :

                                      :

## MEMORANDUM

### I.   BACKGROUND

Pending before the court is the April 13, 2020 report and recommendation, (Doc. 13), of Judge Karoline Mehalchick recommending that the second amended complaint ("SAC"), (Doc. 10), filed by *pro se* plaintiff Jeffrey A. Damon,[1] be dismissed with prejudice. Judge Mehalchick

---

[1]Damon filed seven other cases in addition to the instant one. Judge Mehalchick has issued reports in all of plaintiff's cases recommending that they be dismissed for failure to state cognizable claims. *See* Civil Nos. 19-979, 19-986, 19-987, 19-985, 19-1126, 19-1127 & 19-1128. Damon was forewarned by this court that if he continues to file cases that fail to state a valid claim and seeks to proceed *in forma pauperis*, the court will issue an order directing him to show cause why he should not be subjected to a pre-filing injunction in this court that "prevents him from filing any new civil non-habeas cases on an *in forma pauperis* basis." *See* Brett v. Moller, 2019 WL 5540455 (E.D.Pa. Oct. 24, 2019).

granted plaintiff's motions to proceed *in forma pauperis.* (Docs. 4, 5 & 6).

The judge also directed plaintiff to file two amended complaints, after finding

deficiencies with his original and amended complaints and explaining what

the deficiencies were, (Docs. 7 & 9), and then screened plaintiff's SAC,

(Doc. 10), under 28 U.S.C. §1915.[2] The judge found that the SAC should be

dismissed for failure to state a proper claim under Fed.R.Civ.P. 8(a) despite

her Orders directing plaintiff to amend his pleadings to properly state a

claim.[3] *See* Brett, 2019 WL 5540455, *4 ("a complaint may be dismissed for

failing to comply with Federal Rule of Civil Procedure 8.") (citation omitted).

   To date, the plaintiff has not filed objections to the report and

recommendation and the time within which they were due has expired.[4]

---

[2]Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002).

[3]Since Judge Mehalchick states the correct pleading standard and the correct standard regarding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), they will not be repeated. "Whether a complaint fails to state a claim under §1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Brett v. Moller, 2019 WL 5540455, *4 (E.D.Pa. Oct. 24, 2019).

[4]On April 20, 2020, Damon filed in several of his pending cases a letter to the court indicating that he received the court's correspondence (clearly referring to the reports based on their dates) and, he alleges that someone entered his home and tampered with his hand-written documents that "may

## II.  STANDARD OF REVIEW

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

---

be related to [his] cases." Damon states that he was almost ready to mail out his documents to the "State of Connecticut Dep[t]. of Banking." He also alleges that his mail was tampered with and he fears what will happen if the information in his missing documents "gets out to the wrong people." Damon states that he has notified the police and he asks the court for federal protection until his cases are finished. (Doc. 14).

The court does not consider Damon's letter to be objections to the instant report, or to the reports filed in any of his other seven cases, as it does not address any of the reasons why the judge finds that his cases should be dismissed.

## III.   DISCUSSION

The court has reviewed plaintiff's SAC and finds that the report correctly concludes that plaintiff fails to state an actionable claim under Title VII of the Civil Rights Act of 1964 alleging discrimination based on religion when he worked for defendant company in Stamford, Connecticut, installing security equipment. (Doc. 8 at 1-2; Doc. 13 at 2). Damon states that when he complained to a supervisor "[he] was removed from his presents (sic) because of religious implications." He further alleges without elaboration that "[his] age was a part of it" and "they want young men." (Doc. 8 at 2). It also appears that Damon is complaining about alleged employment discrimination that occurred beyond the applicable statute of limitations. (*See* EEOC April 16, 2019 letter to Damon stating that "you allege you were subjected to employment discrimination by [defendant company] on or near May 30, 2018", and that "[t]he EEOC lacks jurisdiction to investigate your claim because it was not filed within the 300 days statute of limitation." Doc. 10 at 8). Suffice to say that "in determining whether a pleading meets Rule 8's 'plain' statement requirement, the Court should 'ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims.'" Brett, 2019 WL 5540455, *4 (citation omitted). The court will not rehash the report's sound

- 4 -

reasoning. Damon has failed to file an amended complaint and a second amended complaint that comply with the Rule 8 pleading standards and he has repeatedly failed to state a cognizable employment discrimination claim under Title VII, as the report explains, (Doc. 13 at 6), despite being given ample opportunities to do so. The court must consider whether "a *pro se* complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits", and "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." Brett, 2019 WL 5540455, *4 (citation omitted). Damon's SAC clearly fails to state a cognizable claim despite the court's instructional Orders since he does not plead any of the requisite elements to state a Title VII discrimination claim. (Docs. 7 & 9). *See* Shahin v. Geithner, 2012 WL 2126906, *3 (D.De. June 8, 2012). Damon also fails to state a cognizable claim under the Age Discrimination in Employment Act. *See id.* at *2 ("The Court is not obligated to accept as true 'bald assertions'").

The court also notes that venue appears to be improper in this district since Damon indicates that he worked for the defendant company in Samford, Connecticut, and that the company was located in Trumbull, Connecticut, and that the alleged discrimination occurred in Connecticut. *See* Shahin, 2012 WL 2126906, *4 (court held that venue was not proper in

the District of Delaware since "the alleged discrimination did not occur in Delaware, the employment records are not kept in Delaware, and the district wherein Plaintiff would have worked is not in Delaware.") (citing Section 2000e–5(f)(3)).

Therefore, having reviewed the Report of Judge Mehalchick, the court agrees with the sound reasoning which led her to her recommendation. As such, the court adopts the Report as the opinion of the court.

After having reviewed the record, the court will **ADOPT** the report and recommendation. The plaintiff's SAC will be **DISMISSED WITH PREJUDICE** since the court finds futility in allowing the plaintiff a third opportunity to file a proper pleading. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ( "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Further, this case will be **CLOSED**.

## IV.   CONCLUSION

Based on the foregoing, the report and recommendation of Judge Mehalchick, (Doc. 13), is **ADOPTED IN ITS ENTIRETY**, and plaintiff's

second amended complaint, (Doc. 10), is **DISMISSED WITH PREJUDICE**.

The plaintiff's case will be **CLOSED**.

A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 13, 2020**
19-1129-01

- 7 -